MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-po-5858-JRC; |
| Plaintiff, | 20-CR-5327-CVB; |
| | 20-CR-5328-CVB; |
| v. | 20-po-6066-JRC; |
| | 21-CR-5262; |
| TIMOTHY CUSHING, | 21-CR-5226; |
| | 21-po-6183; |
| Defendant. | 21-CR-5326 |
| | MEMORANDUM OF LAW PERTAINING TO CONTINUED DETENTION |

Timothy Cushing submits the following Memorandum of Law pertaining to the various issues raised in the status conference on December 10, 2021

**I.  THE STATUTORY ISSUES RAISED BY THE COURT**

    **A.  This Court has authority to specify the period of custody in 18 U.S.C. § 4241(d)(1).**

18 U.S.C. § 4241(d) provides:

(d) Determination and Disposition.—If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility—

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward.[.]
>
> …
>
> If, at the end of the time period specified, it is determined that the defendant's mental condition has not so improved as to permit the proceedings to go forward, the defendant is subject to the provisions of sections 4246 and 4248.

This Court raised the question of whether, at the January 6 hearing, it could find that "the time period specified" had ended, and if the Court determined Mr. Cushing's mental condition had not improved as to permit proceedings to go forward (which seems likely to be true, as Mr. Cushing has not been receiving mental health treatment), proceed to section 4246.[1] Mr. Cushing submits that the Court can find the time period has ended, but cannot hold a hearing pursuant to 4246 absent a certification from "the director of a facility in which a person is hospitalized." 18 U.S.C. § 4246(a).

But before addressing the question of whether the time period has ended, Mr. Cushing notes his position that the answer ultimately does not matter – the reasonable period has already expired and this Court should order him released immediately, even under the most restrictive interpretations of the statute discussed below (such as a conclusion that the Court cannot address the reasonable period in its order of commitment and that it can only do so once the reasonable period has expired). And even if the Court could not ever determine under the statute that a reasonable period has expired, the Court can and should do so under the Due Process Clause.

Mr. Cushing wishes to address one additional point before turning to the specific question posed by the Court. Obviously, various factors can go into a court's weighing of what is a "reasonable" period under either the statute or the Due Process Clause, including the seriousness of the offense and the government's interest in taking the

---

[1] 18 U.S.C. §4248 involves "sexually dangerous" persons, not applicable to Mr. Cushing.

defendant to trial. One other factor is the period of transportation, even though the four month period specified in the statute apparently does not include the period of transportation.[2] Imagine a defendant where the other factors would lead a court to include that the reasonable period is four months. Suppose that, due to a lack of resources, the government will hold him in custody for ten years prior to obtaining bed space for him. Is his custody just as reasonable as that of a defendant who can be transported to the suitable facility within a few weeks? To ask the question is to answer it. In fact, in *United States v. Wayda*, 966 F.3d 294 (4th Cir. 2020), discussed in detail in the next section, the court found that the period from a court's determination of non-restorability to a certification under § 4248 – which period included transportation – exceeded the reasonable period authorized under § 4241(d)(2).[3] Thus, this Court can conclude that a reasonable period has expired, taking into account the wait for bed space, even if hospitalization never occurs.

      **1.**      **The courts have authority to determine that a reasonable period has already expired, and thus to order that the defendant be released.**

Returning to the issue of a court's ability to order a reasonable period of commitment less than four months, there are really three different questions: whether a court can determine under the statute that the reasonable period has already expired and order the defendant released; whether a court can determine under the statute that the reasonable period *will* expire at some date certain in the future and order the defendant

---

[2] Several circuits have so held in precedential decisions. The Ninth Circuit has apparently so held only in an unpublished decision, *United States v. Villegas*, 589 F. App'x 372, 373 (9th Cir. 2015).

[3] *See id.* at 300 (reflecting that shortly after the order, the government reported that Wayda "would be transferred to a BOP facility for evaluation").

released on that date; and whether a court can specify some period less than four months in its initial order.

Turning to the first question, the statute provides two separate criteria regarding the period of custody discussed in § 4241(d)(1): it must be reasonable *and* it must not exceed four months. Certainly then, in some instances the reasonable period of time will be less than four months. The question becomes, who will determine what that reasonable period of time is, and in what context will that determination be made.

The government may contend that determining a reasonable period short of four months is left to the Attorney General. However, Congress included the "reasonable" requirement as a limit on executive power in light of *Jackson v. Indiana*, 406 U.S. 715 (1972). *See United States v. Quintero*, 995 F.3d 1044, 1051 (9th Cir. 2021) ("Congress enacted § 4241(d) in response to the Supreme Court's decision in *Jackson*"). Thus, Congress intended judicial oversight of the length of custody.

The other problem with the contention – that the court can never determine that a reasonable period has expired – is that it is contrary to precedent. In *Wayda*, the district court had determined that Wayda was not restorable to competency. Six months passed, after which the government submitted a certification under § 4248. *Id.* at 300. The court looked to § 4241(d)(2), which discusses the period after that covered by § 4241(d)(1).[4] Under § 4241(d)(2), a defendant may only be held for a "for an additional reasonable

---

[4] The district court did not address the issue of delays in transport. The district court held a competency hearing on August 29, 2017, after the first period of hospitalization pursuant to 18 U.S.C. §4241(d)(1), and it found that Mr. Wayda remained incompetent but there was a substantial probability he could be restored with an additional period of hospitalization. It is unclear from the record when exactly Mr. Wayda was transported to FMC Butner after the initial determination that he was incompetent on December 16, 2016; it is clear that a BOP psychologist from FMC Butner had competed a report in the "spring" of 2017. *Id.* at 299 and 16-CR-00097 (Dist. Of Md), docket 58 (July 11, 2017 status update from defense counsel).

period of time until" either he is restored to competency or the charges are "disposed of according to law," whichever is earlier. *Id.* at 302-03. The Fourth Circuit concluded that the six months was not reasonable. That meant that Wayda was not being held "pursuant to section 4241(d)," and thus the § 4248 certification was invalid.[5] *Id.* at 309.

*Wayda* involved the term "reasonable" in § 4241(d)(2), rather than the same term § 4241(d)(1), but that difference has no effect on the power of a court to determine whether a reasonable period has expired. And it occurred in a different context, namely whether a § 4248 certification was valid. That, too, makes no difference. This Court can determine that the reasonable period under § 4241(d)(1) has expired, which means that Mr. Cushing is not being held under that section, and therefore order that he be released.

The *Wayda* Court read the statute as it did because to do otherwise would "fl[y] in the face of the constitutional dictate against indefinite commitment." *Id.* at 306, citing *Jackson*. "Our constitutional framework and the statute's language forbid this result: any custodial commitment to the Attorney General is limited to a 'reasonable period of time.'" *Id*.

The same conclusion follows from the fact that courts have the authority to determine that the four month period in § 4241(d)(1) has expired. *See, e.g.*, *United States v. Baker*, 807 F.2d 1315, 1320 (6th Cir. 1986) (concluding that the four month period had expired and "there was no authority to confine appellant beyond" that period). If courts hold that authority as to the four month limitation, how can they not have that authority as to the "reasonable period" limitation?

    **2.**    **The courts have authority to determine that a reasonable period will expire at some future date, and thus to order that, if**

---

[5] Section 4248 applies only to three categories of individuals: those in BOP custody, those whose charges have been dismissed, and those held pursuant to § 4241(d). There was no contention that Wayda fell within the first two categories. *Id.* at 303 n.7.

**the restorability determination has not been completed by then, the defendant must be released on that date.**

If the court can determine under the statute that a reasonable period *has expired*, as the court did in *Wayda*, there seems no tenable argument that a court cannot also determine that a reasonable period *will expire* by a given date, and order that the defendant be released on that date if the determination of restorability has not been completed by that date. That is especially the case because, otherwise, the period of custody will almost always exceed the period the court determines to be reasonable. Once the court determines that the reasonable period has expired, there will generally be delays in implementing that determination, such as transporting a defendant back from wherever he is currently held in custody (or, if the defendant is transported back for the hearing, the hearing may well be delayed past the date on which the court would first find that the reasonable period had expired).[6]

> **3.    The courts have authority to specify a reasonable period less than four months when issuing the original order of commitment.**

Although the question is moot in this case, a court can also provide in its initial order that custody is limited to some particular reasonable period, including time waiting for bed space. This follows from the conclusion, as discussed above, that the court can make such a provision at a subsequent date. It is untenable to suggest that the court is powerless to do anything in its initial order to specify the length of the reasonable period, but can do so at a subsequent hearing (perhaps even the very next day).[7]

---

[6] In preparation for the January 6 hearing, when inquiring about transporting Mr. Cushing back to FDC for this hearing, the USM indicated counsel should, "[p]lease expect up to 4 -6 weeks for his return."

[7] Mr. Cushing concedes that, if the Court rules that a court is cannot act prior to the date on which custody becomes unreasonable, contrary to the discussion above, then that same ruling would apply to an order at the time of initial commitment.)

In fact, courts do issue such orders. In some cases, the court has explicitly determined that the reasonable period is less than four months. *See United States v. Pierre*, No. 15-CR-20151, 2016 WL 8674505, at *1 (S.D. Fla. May 20, 2016) (committing defendant to custody for a "reasonable period of time, which the Court has determined is three (3) months"). In others, the court did not make that determination explicit, but did limit the custody to a period less than four months. *See*, *e.g.*, *United States v. Wills*, No. CR 2:18-00289, 2019 WL 3891022, at *2 (S.D.W. Va. Aug. 16, 2019) (committing defendant pursuant to § 4241(d)(1) for a "reasonable period of time, not to exceed three months"); *United States v. Kirk*, No. CRIM.A. 2:11-00140, 2012 WL 1344912, at *2 (S.D.W. Va. Apr. 18, 2012) (committing defendant for a period of three months).

### 4. Conclusion as to this Court's authority to determine that a reasonable period has expired, or will expire by a particular date.

In sum, Mr. Cushing submits that this Court can and should order that the reasonable period has expired and order him released under the statute. If the Court concludes that the reasonable period has not yet expired, but will expire some time before the anticipated conclusion of his transportation and determination of restorability (which would appear to be sometime between the end of May and the end of July), it can now specify when that period will expire and order that he be released at that point, if the restorability determination has not been completed. If Court finds Mr. Cushing has been held beyond a reasonable period (or will have been held beyond a reasonable period in the near future), the Court must order his release. If the Court finds it is unable to order Mr. Cushing's release under the statutes, Mr. Cushing's due process rights are still violated by his continued detention, and the Court should order his release on those grounds.

Should the government offer a different interpretation of the statute, this Court should provide an alternate ground for its order, under the Due Process Clause, in case the government should appeal the Court's ruling. Mr. Cushing should not have to await a possible appeal, remand, and subsequent alternate ruling and any possible appeal of that ruling, to have this matter resolved.

### B. This Court lacks authority to order a hearing under 18 U.S.C. § 4246.

The other question the Court posed was whether it could order a hearing under § 4246. Mr. Cushing submits that it may not. Under the statute, the prerequisite to a dangerousness hearing is a certification from "the director of a facility in which a person is hospitalized" that the defendant "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available[.]" *Id.*

In *Weber v. U.S. Dist. Ct. for Cent. Dist. of California*, 9 F.3d 76 (9th Cir. 1993), the director had not issued such a certificate but the district court believed this was "an oversight." *Id.* at 78. "The district court then sua sponte initiated a section 4246 proceeding[.]" *Id.* The Ninth Circuit held this to be error: "The district court lacked the authority to initiate a hearing to determine whether Weber should continue treatment in a psychiatric facility. Section 4246 indicates that the director of the facility is to make the initial determination regarding the dangerousness issue." *Id.* at 79. The court held this error created "exceptional circumstances that warrant the extraordinary remedy of mandamus" and vacated the order. *Id.*

To counsel's knowledge, every circuit to address the issue has ruled the same. *See, e.g., Wayda*, 966 F.3d at 300 n. 4 ("Nothing in [§§ 4246 or 4248] independently authorizes a court to sua sponte initiate civil commitment proceedings"); *United States v. Bonin*, 541 F.3d 399, 400–01 (5th Cir. 2008) ("Section 4246(a) establishes the

director's certification as a necessary prerequisite to a dangerousness hearing; without the certification, a court ordinarily lacks statutory authority to conduct the hearing"; citing Ninth Circuit's *Weber* decision); *United States v. Moses*, 106 F.3d 1273, 1280 (6th Cir. 1997) ("it is not within the statutory authority either of the Government or of the district court to initiate § 4246 proceedings.")

### C. Even if this Court had the authority to initiate a § 4246 proceeding now, this would only subject Mr. Cushing to another cycle of delay.

After the director of the facility where the person is hospitalized files a certification pursuant to § 4248(a), a court may order a psychological examination.18 U.S.C. § 4248(b). In Mr. Cushing's case, this Court ordered a competency evaluation on August 5, 2021. *See, e.g.,* 20-cr-5327 Dkt. 49. On September 10, 2021, the warden requested an extension for an unspecified period of time to complete the evaluation. *See, e.g.,* 20-cr-5327 Dkt. 53. There is no reason to expect an evaluation under § 4246 would occur with any more speed.

Further, if this Court were to find that Mr. Cushing meet the criteria under § 4246 (d), Mr. Cushing would only be subjected to the same overburdened system. He would again be committed to the custody of the Attorney General – the same custodian that has sent Mr. Cushing to a private prison facility in Nevada for months and that does not anticipate hospitalizing him until February or March. Under § 4246(d), the Attorney General is encouraged to cause Washington State to assume "responsibility for his custody, care, and treatment." Counsel could find no statistics on what percentage of persons were successfully transferred to states, but it is notable that in all the cases cited *supra* discussing § 4248 the person was committed in a federal medical facility.[8]

---

[8] If the charges against Mr. Cushing are dismissed, and he is held pursuant to § 4246, jurisdiction would transfer to the federal district where he is hospitalized. *See United States v. Villegas*, 589 F. App'x 372, 373 (9th Cir. 2015).

(*United States v. Cushing*, 21-CR-5326) - 9

FEDERAL PUBLIC DEFENDER
1331 Broadway, Suite 400
Tacoma, WA 98402
(253) 593-6710

Should the Attorney General successfully convince Washington State to assume responsibility for Mr. Cushing, the State system is in no better shape than the federal. In a recent report, Disability Rights Washington noted that Washington State "has woefully inadequate behavioral health treatment and crisis response systems" and the involuntary civil commitment system is "strained beyond capacity."[9]

## V.     CONCLUSION

This Court should find that the reasonable period specified in § 4241 has expired and order Mr. Cushing released pursuant to the statute. It should also find the period of confinement exceeds the reasonable period allowed under the Due Process Clause and order him released on that basis as well.

DATED this 3rd day of January, 2022.

Respectfully submitted,

s/ *Heather Carroll*
Assistant Federal Public Defender
Attorney for Timothy Cushing

---

[9] ALL OR NOTHING: Ending Washington's Dependence on Involuntary Civil Commitment. Disability Rights Washington (December 2021), p. 1. https://www.disabilityrightswa.org/wp-content/uploads/2021/12/Final-Report.pdf The failure of Washington's behavior health system likely contributed to Mr. Cushing's current situation – as the report notes, "Over the course of a recent month in Washington State, nearly 2,300 people experienced such extreme behavioral health crisis as to trigger governmental investigation into whether they were a serious risk to themselves or others … [h]ow many were not even lucky enough to get a health care response, but instead were arrested for minor crimes and thrown in jail?" *Id*.